UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ALEXANDER PANGBORN,  :
     Plaintiff  :
     :
v.  :
     :
CARE ALTERNATIVES OF  :     Civil Action No.  3:20-cv-30005-MGM
MASSACHUSETTS, LLC D/B/A  :
ASCEND HOSPICE; and CARE ONE  :
MANAGEMENT, LLC,  :
     Defendants  :
     :
_____:

## DEFENDANT CARE ALTERNATIVES OF MASSACHUSETTS, LLC'S ANSWER TO PLAINTIFF ALEXANDER PANGBORN'S COMPLAINT

Defendant Care Alternatives of Massachusetts, LLC D/B/A Ascend Hospice ("Ascend") hereby answers the allegations contained in the Complaint of Plaintiff Alexander Pangborn.

## COMPLAINT

1.     Ascend admits that Plaintiff is employed by Ascend.  Ascend denies that Plaintiff is employed by Care One Management, LLC ("Care One").  Ascend admits that it offers health care benefits to its employees through an employer-sponsored self-funded plan.  Ascend denies that the health care plan, as amended on July 10, 2020, contains a categorical exclusion for gender-transition-related care.  Ascend also admits that Plaintiff brings claims as alleged in Paragraph 1 but denies the substance of such claims.  Ascend lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     Paragraph 2 of the Complaint contains conclusions of law to which no response is required.

3.      Paragraph 3 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Ascend denies the allegations contained in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

## **PARTIES**

### **Defendant Care Alternatives of Massachusetts, LLC**

5.      Ascend admits that it is a Delaware limited liability company and registered to do business in the Massachusetts with the Secretary of the Commonwealth.  Ascend also admits that it provides hospice care.  Any remaining allegations in Paragraph 5 are denied.

6.      Ascend admits that it does business as Ascend Hospice in Massachusetts.  Any remaining allegations contained in Paragraph 6 are denied.

7.      Ascend admits the allegations contained in Paragraph 7.

8.      Ascend admits that it is a recipient of Federal funding and that it is a provider of health services.

### **Defendant Care One Management LLC**

9.      Ascend lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.     Ascend denies the allegations contained in Paragraph 10.

11.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.     Ascend admits that it provides health care benefits through an employer-sponsored self-funded plan ("the Plan").  Ascend denies the remaining allegations contained in Paragraph 12.

13.     Ascend admits that Aetna Life Insurance Company is the claims administrator for the Plan.  Any remaining allegations contained in Paragraph 13 are denied.

14.     Ascend is without sufficient knowledge or information to identify the "relevant plan document" referenced in Paragraph 14 and therefore cannot admit or deny the allegations contained in Paragraph 14.

15.     Ascend denies the allegations contained in Paragraph 15.

**Plaintiff Alexander Pangborn**

16.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17.     Ascend denies that Plaintiff was ever employed by Care One.  Ascend admits the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Ascend admits the allegations contained in Paragraph 18 of the Complaint.

19.     Ascend admits Plaintiff was offered participation in the Plan as a benefit of his employment with Ascend.  The remaining allegations contained in Paragraph 19 of the Complaint are denied.

20.     Ascend admits that Plaintiff has been eligible for participation in the Plan and has been enrolled in the Plan during his employment with Ascend, subject to the terms and conditions of the Plan.  Ascend denies the remaining allegations contained in Paragraph 20 of the Complaint.

### FACTS

**Gender Dysphoria and its Treatment**

21.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies same.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies same.

23.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

24.      Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies same.

25.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies same.

26.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies same.

27.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies same.

28.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies same.

29.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies same.

30.      Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies same.

31.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies same.

32.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies same.

33.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies same.

34.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies same.

**Alexander Pangborn's Alleged Gender Dysphoria and Ascend's Denial of Treatment**

35.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies same.

36.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

37.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies same.

38.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies same.

39.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore denies same.

40.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies same.

41.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies same.

42.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies same.

43.     Ascend denies that the Plan, as amended, contains a categorical exclusion of coverage for "[a]ny treatment, drug, service or supply related to changing sex or sexual

characteristics." As to the remaining allegations set forth in Paragraph 43, Ascend states that the Plan speaks for itself.

44.     Ascend denies that the Plan, as amended, contains the Exclusion and therefore denies the allegations contained in Paragraph 44.

45.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 45 of the Complaint and therefore denies same.

46.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint and therefore denies.

47.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and therefore denies same.

48.     Ascend denies the allegations contained in Paragraph 48 of the Complaint.

49.     Ascend denies the allegations contained in Paragraph 49 of the Complaint.

50.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies same.

51.     Ascend denies the allegations in Paragraph 51 of the Complaint.

52.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies same.

53.     Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 53 of the Complaint. Ascend denies that Plaintiff was denied medically necessary care because of Ascend's stereotyped beliefs, as alleged in the second sentence of Paragraph 53 of the Complaint.

54.     Ascend denies the allegations contained in Paragraph 54 of the Complaint.

55.     Ascend denies the allegations contained in Paragraph 55 of the Complaint.

56.     Ascend denies allegations contained in Paragraph 56 of the Complaint.

## CAUSES OF ACTION

## COUNT ONE

### (Discrimination on the Basis of Sex – Title VII)

57.     Ascend repeats and re-alleges its responses to Paragraphs 1 through 56 of the Complaint as if fully set forth at length herein.

58.     Paragraph 58 of the Complaint contains conclusions of law to which no response is required.  To the extent any response is required, Ascend expressly denies that Care One was ever Plaintiff's employer.

59.     Ascend denies the allegations in Paragraph 59.

## COUNT II

### (Discrimination on the Basis of Sex - Mass.  Gen.  Laws ch.  151B, § 4)

60.     Ascend repeats and re-alleges its responses to Paragraphs 1 through 59 of the Complaint as if fully set forth at length herein.

61.     Paragraph 61 of the Complaint contains conclusions of law to which no response is required.  Ascend expressly denies that Care One was ever Plaintiff's employer.

62.     Ascend denies the allegations in Paragraph 62 of the Complaint.

## COUNT III

### (Discrimination on the Basis of Gender Identity - Mass.  Gen.  Laws ch.  151B, § 4)

63.     Ascend repeats and re-alleges its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth at length herein.

64.     Ascend denies the allegations in Paragraph 64 of the Complaint.

## COUNT IV

**(Discrimination on the Basis of Disability – Americans with Disabilities Act)**

65.    Ascend repeats and re-alleges its responses to Paragraphs 1 through 64 of the Complaint as if fully set forth at length herein.

66.    The allegations set forth in Paragraph 66 of the Complaint are conclusions of law to which no response is required.

67.    The allegations set forth in Paragraph 67 of the Complaint are conclusions of law to which no response is required.

68.    Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore denies same.

69.    Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore denies same.

70.    The allegation set forth in Paragraph 70 of the Complaint is a conclusion of law to which no response is required.

71.    The allegations set forth in Paragraph 71 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Ascend lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    The allegations set forth in Paragraph 72 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Ascend is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore denies same.

73.    Ascend denies the allegations contained in Paragraph 73 of the Complaint.

**COUNT V**

**(Discrimination on the Basis of Disability – Rehabilitation Act)**

74.     Ascend repeats and re-alleges its responses to Paragraphs 1 through 73 of the Complaint as if fully set forth at length herein.

75.      Ascend is without knowledge or information sufficient to form a belief as to the truth of the allegation that Care One receives Federal financial assistance or is in the business of providing health care and therefore denies same.   Ascend admits the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Ascend denies the allegations contained in Paragraph 76 of the Complaint.

**COUNT IV**

**(Discrimination on the Basis of Handicap – Mass. Gen.  Laws.  Ch.  151b, § 4)**

77.      Ascend repeats and re-alleges its responses to Paragraphs 1 through 76 of the Complaint as if fully set forth at length herein.

78.     The allegation set forth in Paragraph 78 of the Complaint is a conclusion of law to which no response is required.

79.     The allegations set forth in Paragraph 79 of the Complaint are conclusions of law to which no response is required.   To the extent a response is required, Ascend is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies same.

80.     Ascend denies the allegations contained in Paragraph 80 of the Complaint.

## COUNT VII

### (Discrimination on the Basis of Sex and Disability - Affordable Care Act § 1557)

81.     Ascend repeats and re-alleges its responses to Paragraphs 1 through 80 of the Complaint as if fully set forth at length herein.

82.     Ascend is without knowledge or information sufficient to form a belief as to the truth of the allegation that Care One receives Federal financial assistance and therefore denies same.  Ascend admits the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Ascend denies the allegations contained in Paragraph 83 of the Complaint.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

84.     Ascend admits that Plaintiff filed a charge of discrimination against Care One and Ascend it with the Massachusetts Commission Against Discrimination, as alleged in Paragraph 84, but denies the substance of the charge.

85.     The allegations set forth in Paragraph 86 of the Complaint are a conclusion of law to which no response is required.  To the extent a response is required, Ascend admits that more than ninety days have passed since the filing of Plaintiff's administrative complaint as alleged in Paragraph 85 of the Complaint.

86.     Ascend is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint and therefore denies same.

### GENERAL DENIAL

Ascend denies each and every allegation in the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff is not entitled to the damages requested in the Complaint.

**Third Affirmative Defense**

Some or all of Plaintiff's claims are not actionable because any employment practices or decisions of Ascend were justified by legitimate, non-discriminatory business reasons, absent any retaliatory animus, malice, or improper means or motive.

**Fourth Affirmative Defense**

Plaintiff's claims are barred to the extent he has failed to set forth a *prima facie* case of discrimination on the basis of sex, gender identity, and/or disability in violation of state and/or federal law.

**Fifth Affirmative Defense**

Some or all of Plaintiff's claims are not actionable because, at all material times, Ascend's actions were undertaken in good faith, were reasonable, and did not constitute unlawful conduct.

**Seventh Affirmative Defense**

Plaintiff's claim for punitive damages is barred because Ascend engaged in good faith efforts to comply with the law and Ascend's conduct was not willful.

**Eighth Affirmative Defense**

Ascend is not liable for any alleged damages resulting from the effects of Plaintiff's pre-existing emotional, psychological, or physical conditions, and/or any alternative or concurrent cause which may not be the result of any act or omission of Ascend.

**Ninth Affirmative Defense**

Plaintiff's claims are barred to the extent they seek relief from persons or entities that were not his employer.

**Tenth Affirmative Defense**

Plaintiff's claims are barred to the extent they seek relief in the form of an "Order that Defendants approve coverage under the Plan for Plaintiff's requested phalloplasty surgery and related procedures" because neither Ascend nor Care One administer the Plan.

**Eleventh Affirmative Defense**

To the extent Plaintiff claims damages arising out of the continued offering and maintenance of a health care plan containing the Exclusion (as defined in the Complaint), such claims are moot as the Plan, as amended on July 10, 2020, no longer contains the Exclusion.

**Twelfth Affirmative Defense**

This Court lacks subject matter jurisdiction over Plaintiff's claims for disability discrimination under M.G.L. c. 151B because such claims are preempted by ERISA.

**Thirteenth Affirmative Defense**

Plaintiff failed to join a necessary party such that the Court cannot accord complete relief among the existing parties.

**Fourteenth Affirmative Defense**

Ascend reserves the right to assert additional affirmative defenses that come to light during the course of this litigation.

Ascend may have additional affirmative defenses as of yet unknown, but which will be identified through discovery in this matter, and Ascend respectfully reserves the right to assert the same as appropriate.

Respectfully submitted,

CARE ALTERNATIVES OF
MASSACHUSETTS, LLC D/B/A
ASCEND HOSPICE,

_____/s/Cheryl B. Pinarchick_____
Cheryl B.  Pinarchick (BBO# 636208)
Monica P. Snyder (BBO# 681573)
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, MA 02109
617-722-0044
cpinarchick@fisherphillips.com
mpsnyder@fisherphillips.com

Date:  July 15, 2020

## CERTIFICATE OF SERVICE

I, Cheryl B. Pinarchick, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) on July 15, 2020.

*/s/*  Cheryl B. Pinarchick
_____
Cheryl B. Pinarchick

13