UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER PANGBORN,<br>　　　Plaintiff<br><br>v.<br><br>CARE ALTERNATIVES OF<br>MASSACHUSETTS, LLC D/B/A<br>ASCEND HOSPICE; and CARE ONE<br>MANAGEMENT, LLC,<br>　　　Defendants | Civil Action No. 3:20-cv-30005-MGM |

**DEFENDANT CARE ONE MANAGEMENT, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S CLAIMS AGAINST IT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), Defendant Care One Management, LLC ("Care One Management") respectfully moves this Court to dismiss Plaintiff Alexander Pangborn's ("Plaintiff") Complaint against Care One Management. Plaintiff has failed to allege facts sufficient to establish that Care One Management is Plaintiff's employer for purposes of liability under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") or M.G.L. 151B § 4 ("Chapter 151B"); it is not. Similarly, Plaintiff has failed to allege any facts to establish that Care One Management receives any federal funding for purposes of liability under the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Affordable Care Act § 1557 ("Section 1557"); it does not. As a result, the Court lacks subject matter jurisdiction over Plaintiff's claims under the Rehabilitation Act and Section 1557. Even if the Court did have subject matter jurisdiction over his Rehabilitation Act and Section 1557 claims, which it does not, Plaintiff's labels and conclusions, and formulaic recitation of the elements of

each of his causes of action against Care One Management are insufficient to state a claim upon which relief may be granted and Plaintiff's claims against it should be dismissed.

## RELEVANT FACTUAL ALLEGATIONS SET FORTH IN THE COMPLAINT

Plaintiff alleges in Paragraph 1 of the Complaint that he is employed by Care Alternatives of Massachusetts, LLC, doing business as Ascend Hospice ("Ascend"), and Care One Management. Compl. at ¶ 1. Plaintiff further alleges, in conclusory fashion, that Care One Management is a national hospice and palliative care provider that, upon information and belief, owns, operates and/or controls Ascend and receives Federal funding. Compl. at ¶¶ 9-11. Plaintiff asserts, again on information and belief, that the health care benefits plan offered by Ascend to its employees is established and controlled by Care One Management based upon some (unidentified) "relevant plan document" purportedly provided by Ascend to "its employees in Massachusetts" (generally) that lists Care One Management as the "employer." Compl. at ¶¶ 12, 14. Plaintiff admits that he receives health care benefits from Ascend and that Ascend pays his compensation and that Ascend is his employer for tax purposes. Compl. at ¶¶ 18-19.

## FACTS RELEVANT TO DISMISSAL UNDER FED. R. CIV. P. 12(B)(1)

Care One Management provides advisory services to various healthcare facilities that provide health care services to individuals. See Affidavit of Justine Cottrell filed herewith at ¶ 2. It does not provide hospice or any other health care services to hospitals, nursing homes or individuals, nor does it own, operate or control any entity that provides health care services, including Ascend. Id. at ¶ 3. Care One Management is not a recipient of any federal financial assistance. Id. at ¶ 4.

**ARGUMENT**

I.   **APPLICABLE STANDARDS**

    A.  **Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 547 (2007)). The factual allegations of the complaint must "possess enough heft" to allege a plausible entitlement to relief. See Twombly, 550 U.S. at 557. The plaintiff must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 545.

In determining whether a plaintiff has met his/her pleading obligations, statements that "merely offer 'legal conclusion[s] couched … as fact[]' or 'threadbare recitals of the elements of a cause of action'" must be disregarded. See Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 40 (1st Cir. 2012) (quoting Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011)). A court shall not accept "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions." Fantini v. Salem State College, 557 F.3d 22, 26 (1st Cir. 2009) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)). Here, Plaintiff has not, and cannot, meet his burden to state a claim against Care One Management.

    B.  **Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(B)(1).**

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a case where the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). On the contrary, what the court must presume is that federal jurisdiction

is lacking until established otherwise. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden is on the party asserting federal jurisdiction to demonstrate that such jurisdiction exists. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).

"While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion… ." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Such materials include affidavits. Id. at 288 (citing White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995)).

**II.   PLAINTIFF'S CLAIMS UNDER TITLE VII, THE ADA AND CHAPTER 151B MUST BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

The relevant sections of Title VII, the ADA and Chapter 151B prohibit discrimination by *employers* against *employees* with respect to *employment*. See 42 U.S.C. § 2000e-2(a); M.G.L. 151B § 4; 42 U.S.C. § 12112. Title VII, the ADA and Chapter 151B do not define the term "employee." "A series of Supreme Court decisions have established that when [like here] a statute contains the term 'employee' but does not define it, a court must presume that Congress has incorporated traditional agency law principles for identifying 'master-servant relationships.'" Lopez v. Massachusetts, 588 F.3d 69, 83 (1st Cir. 2009) (examining who is an employee under Title VII) (citing Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 444-47 (2003) (examining who is an employee for purposes of the ADA); Walters v. Metro. Educ. Enter. Inc., 519 U.S. 202, 211-12 (1997); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992); Cmty for Creative Non-Violence v. Reid, 490 U.S. 730, 739-40 (1989)).[1] In Clackamas, the

---

[1] This is also true for purposes of establishing an employee-employer relationship under Chapter 151B. See Wheatley v. American Tele. & Tel. Co., 418 Mass. 394, 397 (1994) ("It is our practice to apply Federal case law construing the Federal anti-discrimination statutes interpreting G.L. c. 151B.")

Supreme Court rejected the argument that the term "employer" must be given a broader reading than the common law meaning in order to effectuate "the statutory purpose of ridding the Nation of the evil of discrimination." Clackamas, 538 U.S. at 446.

The relevant factors defining the employee-employer relationship under common law focus on the extent of control the employer may exercise over the details of the work of the employee. See Lopez, 588 F.3d at 84 (citing Clackamas, 538 U.S. at 448). Both the Supreme Court and the First Circuit Court of Appeals have turned to the Equal Employment Opportunity Commission ("EEOC") compliance manual for guidance when evaluating whether an individual is an "employee" for purposes of anti-discrimination laws. See Lopez, 588 F.3d at 85; see also Barton v. Clancy, 632 F.3d 9, 18 (1st Cir. 2011). The compliance manual includes a comprehensive list of "non-exhaustive factors" that can be used to analyze whether an employee is in an employment relationship with an employer. See Barton, 632 F.3d at 18 (citing 2 Equal Emp't Opportunity Comm'n, EEOC Compliance Manual, § 2–III, at 5716–17 (2008)). Those factors include:

- the employer has the right to control when, where, and how the worker performs the job;
- the work does not require a high level of skill or expertise;
- the work is performed on the employer's premises;
- there is a continuing relationship between the worker and the employer;
- the employer has the right to assign additional projects to the worker;
- the employer sets the hours of work and the duration of the job;
- the work performed by the worker is part of the regular business of the employer;
- the employer provides the worker with benefits such as insurance, leave, or workers' compensation;

- the worker is considered an employee of the employer for tax purposes;
- the employer can discharge the worker; and
- the worker and the employer believe that they are creating an employer-employee relationship.

Id.

The Complaint is devoid of any factual allegations to establish that Pangborn is an employee of Care One Management for purposes of Title VII, the ADA or Chapter 151B. The only fact Plaintiff alleges in support of his otherwise bald assertion that he is an "employee" of Care One Management is that Ascend purportedly provided "employees in Massachusetts" (not even Plaintiff specifically) with an unidentified "plan document" listing Care One Management as "the employer." Compl. ¶14. Even if this were true, this alone would not be sufficient to establish that Care One Management had control over Plaintiff's work for purposes of establishing an employee-employer relationship. See Lopez, 588 F.3d at 86 ("An employee's status under Title VII [and the ADA and Chapter 151B] must be determined by the 'actual circumstances of the person's relationship' with the defendant and not just the label."); see also Camacho v. P.R. Ports Auth., 369 F.3d 570 (1st Cir. 2004) (reversing lower decision and holding that the establishment and administration of a benefits plan combined with the power to license and regulate workers insufficient to establish employee-employer relationship under the ADEA[2] where agency did not contribute to the benefits plan and does not hire, compensate or supervise workers); but see Carparts Distribution Center, Inc. v. Automotive Wholesaler's Assoc. of New England, Inc., 37 F.3d 12 (1st Cir. 1994) (reversing lower court decision dismissing ADA claims against association

---

[2] The First Circuit has adopted the common law test applicable for determining whether an employer-employee relationship exists under Title VII to claims under the ADEA. Alberty-Velez v. Corporacion de P.R. Para La Difusion Publica, 361 F. 3d 1, 6 (1st Cir. 2002).

and trust who administered plaintiff's benefits plan because it was possible that the entities "might have been so intertwined with Carparts that they became an 'employer' under the ADA.").

Here, the factual allegations in the Complaint establish Plaintiff is an employee of *Ascend* – which is also a defendant in the case -and not Care One Management. See Compl. at ¶¶ 18-19 (Ascend provides Plaintiff with health care benefits and is the entity listed on his paycheck and W-2 tax form). Accordingly, Plaintiff's claims against Care One Management for alleged violations of Title VII, the ADA and Chapter 151B should be dismissed for failure to state a claim. See Araujo v. UGL Unicco-Unicco Operations, 53 F. Supp. 3d 371, 381 (D. Mass. 2014) (dismissing Title VII and Chapter 15B claims against defendant because defendant was not plaintiff's employer); see also Olmsted v. Defosset, 205 F. Supp. 2d 1316, 1324 (M.D. Fla. 2002) ("Because Defendant…simply administers… [Defendant's] benefits programs, it is not a 'covered entity' for the purposes of the ADA and is not liable for any alleged discrimination that Plaintiff suffered at the hands of Defendant Walter Industries.").

**III.   PLAINTIFF'S CLAIMS AGAINST CARE ONE MANAGEMENT UNDER THE REHABILITATION ACT AND SECTION 1557 MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

To establish a claim under the Rehabilitation Act, a plaintiff must prove that he has been discriminated against by reason of his disability by an organization receiving federal financial assistance. See Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 632 (1984). "An *indispensable* jurisdictional element of a Rehabilitation Act claim is a showing that a defendant accused of discrimination is a recipient of federal financial assistance." Steir v. Girl Scouts of the USA, 383 F.3d 7, 13 (1st Cir. 2004) (emphasis added).  Section 1557 of the ACA similarly prohibits health programs that receive federal financial assistance, including credits, subsidies, or contracts of insurance from discriminating against individuals based on protected class status. See 42 U.S.C. §

18116. A plaintiff must therefore show that a defendant accused of discrimination under Section 1557 of the ACA is a recipient of federal funding to establish that subject matter jurisdiction over such claim is proper.

Care One Management is not a recipient of any federal financial assistance, including credits, subsidies, or contracts of insurance. See Affidavit Justine Cottrell at ¶ 4. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims under the Rehabilitation Act and Section 1557 and such claims much be dismissed.

Even if this Court had subject matter jurisdiction over Care One Management in regards to Plaintiff's Rehabilitation Act and Section 1557 claims, which it does not, these claims should be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiff does not, because he cannot, allege any facts in support of his conclusory statement that Care One Management is a recipient of any federal funding; it is not. See Rodriguez-Ramos, 685 F.3d at 40 (on motion to dismiss under Rule 12(b)(6), statements that "merely offer 'legal conclusion[s] couched … as fact[]' or 'threadbare recitals of the elements of a cause of action'" must be disregarded) (quoting Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011)); see also Davenport v. Natgun Corp., 941 F. Supp. 2d 141, 146 (D. Mass. 2013) (allowing motion to dismiss plaintiff's Rehabilitation Act claims under Rule 12(b)(6) where defendant was not a recipient of federal funding). Accordingly, Plaintiff's claims under the Rehabilitation Act and Section 1557 should also be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth herein, Care One Management, LLC respectfully requests that the court dismiss Plaintiff's claims against it.

Respectfully Submitted,

Dated: July 15, 2020

__/s/Cheryl B. Pinarchick_____
Cheryl B. Pinarchick (BBO# 636208)
Monica P. Snyder (BBO# BBO# 681573)
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, MA 02109
617-722-0044
cpinarchick@fisherphillips.com
mpsnyder@fisherphillips.com

Date: July 15, 2020

## CERTIFICATE OF SERVICE

I, Cheryl B. Pinarchick, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) on July 15, 2020.

__/s/Cheryl B. Pinarchick_____
Cheryl B. Pinarchick