UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALEXANDER PANGBORN,

    Plaintiff,

    v.

CARE ALTERNATIVES OF
MASSACHUSETTS, LLC D/B/A ASCEND
HOSPICE; and CARE ONE MANAGEMENT
LLC.,

    Defendants.

Civil Action No. 3:20-cv-30005-MGM

**PLAINTIFF'S OPPOSITION TO DEFENDANT CARE ONE MANAGEMENT, LLC's MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST IT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(B)(1)**

**INTRODUCTION**

The plaintiff Alexander Pangborn, a transgender man, brought this action against Care Alternatives of Massachusetts, LLC ("Care Mass.") and Care One Management, LLC ("Care One"), both of which he alleges are his employers, because they denied him access to critical medical care for gender dysphoria. Specifically, the defendants chose to maintain in their employer-sponsored self-funded health benefits plan a categorical exclusion of all medical treatment for gender dysphoria; treatment that the plaintiff's doctors have determined is medically necessary for him. See Compl. ¶ 43, ECF No. 1 ("Although the Plan generally covers medically necessary treatments, it has a categorical exclusion of coverage for '[a]ny treatment, drug, service or supply related to changing sex or sexual characteristics.'"). The plaintiff seeks injunctive, declaratory, and compensatory relief, asserting federal and state claims for

discrimination on the basis of sex, gender identity, and disability.[1]

Care Mass. answered, admitting that it employs the plaintiff and, notably, disclosing that on July 10, 2020 the transgender healthcare exclusion had been voluntarily removed from the employer-sponsored self-funded health benefits plan.[2] See Answer, ¶ 1, ECF No. 16. Care One moved to dismiss the state and federal employment discrimination claims under Rule 12(b)(6) on the basis that the plaintiff did not allege sufficient facts to state a claim that it is his employer. Care One also moves for dismissal under Rule 12(b)(1) and Rule 12(b)(6), arguing that this Court does not have subject matter jurisdiction over the plaintiff's claims under the Rehabilitation Act ("RA") or the Affordable Care Act ("ACA") because it is not a recipient of Federal financial assistance, and that the allegation is insufficient to state a claim.

The plaintiff easily states a claim that Care One is an employer. First, he has specifically alleged that the health benefits plan provided to him in the course of his employment and which contains the exclusion at issue here specifies Care One as the "employer." Compl. ¶ 14, ECF No. 1. That is more than enough to proceed to discovery. Further, even setting aside that fact, a third-party to whom an employer has delegated control and administration of a health benefits plan can be an "employer" under Carparts Distribution Center v. Auto Wholesaler's Ass'n of New England (Carparts), 37 F.3d 12 (1st Cir. 1994), and two entities that are sufficiently

---

[1] Count I (Discrimination on the Basis of Sex - Title VII), Count II (Discrimination on the Basis of Sex - Mass. Gen. Laws ch. 151B, § 4), Count III (Discrimination on the Basis of Gender Identity - Mass. Gen. Laws ch. 151B, § 4), Count IV (Discrimination on the Basis of Disability - Americans with Disabilities Act), Count V (Discrimination on the Basis of Disability - Rehabilitation Act), Count VI (Discrimination on the Basis of Handicap - Mass. Gen. Laws ch. 151B, § 4), and Count VII (Discrimination on the Basis of Sex and Disability - Affordable Care Act § 1557).

[2] The removal of the exclusion does not moot the plaintiff's claims for injunctive or declaratory relief. See Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez, 561 U.S. 661, 723 n.3 (2010) ("It is well settled that the voluntary cessation of allegedly unlawful conduct does not moot a case in which the legality of that conduct is challenged.").

interconnected, such as Care Mass. and Care One here, can be regarded as a "single employer" or "joint employer" under Torres-Negrón v. Merck & Co. (Torres-Negrón), 488 F.3d 34 (1st Cir. 2007).

The plaintiff also properly alleges that Care One is a recipient of Federal financial assistance. Care One's argument to the contrary overlooks the case law clarifying that federal funding need not be direct as long as the defendant is the intended recipient. Moreover, because the requirement is merely a non-jurisdictional element of the RA and ACA claims, further factual development is not required at this stage in the proceedings.

## FACTS RELEVANT TO DEFENDANT'S MOTION TO DISMISS

The plaintiff alleged the following relevant facts, which must be accepted as true:

Care Mass. and Care One are Delaware limited liability companies with interconnected operations in the business of hospice care. Compl. ¶¶ 1, 5, 9, 10, ECF No. 1. Care Mass. employs the plaintiff as a hospice care nurse in Massachusetts. Compl. ¶¶ 1, 5, ECF No. 1. As part of his employment compensation, the plaintiff receives health benefits through a self-funded health benefits plan. Compl. ¶¶ 1, 12, ECF No. 1. The health benefits plan document was provided to the plaintiff in the course of his employment and, in fact, it contains the exclusion at issue in this case. Compl. ¶¶ 12, 14, ECF No. 1. That document lists Care One as the "employer." Compl. ¶ 14, ECF No. 1.[3] Both Care Mass. and Care One are recipients of Federal financial assistance and providers of health services. Compl. ¶¶ 1, 5, 8, 11, 75, 82, ECF No. 1.

## ARGUMENT

**I. STANDARD OF REVIEW.**

---

[3] Care One previously admitted to this Court that it "provides management and advisory services to healthcare organizations and facilities, including [Care Mass.]" and that it "provides [Care Mass.] employees the opportunity to receive health benefits through [its] self-funded benefits plans . . . ." Aff. of Sharon M. Zeigler, ¶¶ 3, 9, ECF No.12-2.

The Court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Morales-Tanon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the Court must accept all factual allegations as true and "draw all reasonable inferences in the plaintiff's favor." Privitera v. Curran (In re Curran), 855 F.3d 19, 23 (1st Cir. 2017). The Court may dismiss a complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Santa-Rosa v. Combo Records, 471 F.3d 224, 226 (1st Cir. 2006) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).[4]

In ruling on a motion under Fed. R. Civ. P. 12(b)(1), the Court must "take as true all well-pleaded facts in the plaintiff['s] complaint[], scrutinize them in the light most hospitable to the plaintiff['s] theory of liability, and draw all reasonable inferences therefrom in the plaintiff['s] favor." Fothergill v. U.S., 566 F.3d 248, 251 (1st Cir. 2009). Dismissal is only appropriate when the facts alleged in the Complaint, taken as true, do not support a finding of federal subject matter jurisdiction. Id. Consideration of documents attached to the supporting memorandum is appropriate only if "there is some doubt about a court's subject matter jurisdiction." Coyne v. Cronin, 386 F.3d 280, 286 (1st Cir. 2004).

---

[4] The proper standard for assessing defendants' motion to dismiss the RA and ACA counts is Rule 12(b)(6) because receipt of Federal financial assistance is not jurisdictional. See Argument, Sec. III(A), infra. Because Care One has invoked this Court's jurisdiction, however, the plaintiff notes that "[t]he proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001).

II. **THE COURT SHOULD DENY THE MOTION TO DISMISS BECAUSE THE PLAINTIFF SUFFICIENTLY ALLEGED THAT BOTH DEFENDANTS ARE HIS EMPLOYERS WITHIN THE MEANING OF FEDERAL AND STATE NONDISCRIMINATION LAWS.**

A single allegation in the Complaint alone compels the denial of Care One's motion to dismiss the plaintiff's employment discrimination claims:

> The relevant plan document provided by Care Alternatives MA to its employees in Massachusetts lists Care One as the "employer."

Compl. ¶ 14, ECF No. 1. Providing a document that sets out the terms of an employee's compensation listing Care One as the "employer" necessarily permits a "reasonable inference," if not a conclusion, that, as the document says, Care One is an employer. This concrete allegation cannot properly be characterized as "unidentified" or a "label" at the pleading stage of this case. See Care One's Mem. of Law in Supp. of Mot. Dismiss, at 6, ECF No. 18.

Even if the plan document containing the relevant exclusion at issue here did not explicitly denominate Care One as the employer, the facts alleged in the Complaint are sufficient to state a claim that Care One is an employer of the plaintiff under two First Circuit decisions.

First, because Care One established and controls the plan at issue here, see Compl. ¶ 12, ECF No. 1, the plaintiff states a claim under Carparts, 37 F.3d at 17, which involves almost identical facts and holds that a third-party, such as Care One, may be considered an employer under Title VII if it controls the level of plan benefits or acts on behalf of the employer in the provision of employee benefits. Second, the allegations in the Complaint permit an inference that Care One and Care Mass. are sufficiently related and connected to be a single or joint employer under Torres-Negrón, 488 F.3d at 42-43.

  A. *Under Carparts, an employer who manages the administration of employment benefits, as Care One does for Care Mass., is an employer under both a "control" theory and an "agency" theory.*

5

The facts alleged by the plaintiff here are squarely aligned with the facts in Carparts. Ronald Senter was employed by Carparts Distribution Center. Carparts, 37 F.3d at 14. Carparts was a participant in a self-funded medical reimbursement plan offered by the defendants in the case and administered by a separate trust. Id. Senter, who had HIV, sued the third-party self-funded plan under the ADA[5] after it capped lifetime benefits for AIDS-related illnesses at $25,000. Id. The First Circuit reversed the district court's dismissal of the complaint. 37 F.3d at 21. The court articulated two theories of liability that are relevant here: the "control" theory and the "agency" theory. Id. at 17-18.

Under the "control" theory, Care One "function[s]" as the plaintiff's employer because Care One has "exercised control over an important aspect of his employment," namely, the plaintiff's "employee health care coverage." Id. at 17. Like the third party that established and controlled the self-funded benefits plan in Carparts, the Complaint here alleges that Care One established and controlled the health benefits plan for the employees of Care Mass., including the plaintiff. Compl. ¶ 12, ECF No. 1. Such "authority to determine the level of benefits" available to Care Mass. employees implies that Care One "exercises control over this aspect of the employment relationship" sufficient to establish coverage under Title VII and the ADA. Carparts, 37 F.3d at 17.

Furthermore, if Care Mass. "shares in the administrative responsibilities that result from its employees' participation in" the health benefits plan, as can be inferred from the allegations in the Complaint, that "would tend to suggest that [the alleged employers] are so intertwined as to be acting together as an 'employer' with respect to health care benefits." Id. ("Only if the

---

[5] Courts apply the same analysis to determine if an employer is covered under Title VII and the ADA. See Carparts, 37 F.3d at 16 ("There is no significant difference between the definition of the term 'employer' in the two statutes.").

6

litigation is allowed to proceed can plaintiffs develop a record to answer these questions.").

Under the "agency" theory, even if the third-party did not have authority to determine the level of benefits, it can "still be rendered" an employer if it is an agent of an employer "who act[s] on behalf of the entity in the matter of providing and administering employee health benefits." Id. The allegation that Care One controls the Plan encompasses this strand of Carparts as well because Care One is managing benefits on behalf of Care Mass.

Care One relies almost exclusively on Lopez v. Massachusetts (Lopez), 588 F.3d 69 (1st Cir. 2009), for its argument that the plaintiff has not alleged an employment relationship. Care One's focus on Lopez is misplaced. The facts of Lopez, which involved a disparate impact discrimination claim by minority police officers alleging bias in the promotion system, id. at 72, are far afield from the facts of this case, and the summary judgment decision in Lopez is easily distinguishable. The question in Lopez was whether the state agency charged with administering civil service exams could be an "employer" in addition to the municipalities directly employing the officers, an issue largely governed by state civil service statutes. Id. at 83.

Care One largely ignores and fails to address Carparts, the case on point. In fact, one might incorrectly conclude from reading Care One's memorandum that Lopez overturned Carparts. To the contrary, the Court in Lopez explained:

> Our decision in Carparts does not help plaintiffs. All that Carparts held was that based on the allegations in the complaint, it was inappropriate to grant dismissal under Rule 12(b)(6) in the absence of any factual development. We hypothesized that an entity might be an "employer" under the ADA and related statutes like Title VII if, inter alia, it "exercised control over an important aspect of [the plaintiff's] employment. . . . Carparts involved two private entities, an unusual set of facts, and a particular procedural posture."

Id. at 88 (internal citations omitted) (quoting Carparts, 37 F.3d at 17).[6] See Brown v. Bank of Am., N.A., 5 F. Supp. 3d 121, 133-135 (D. Me. 2014) (dismissal not appropriate where complaint alleged benefits administrator was plaintiff's employer: "The overriding lesson from Carparts is that the issue of who is an 'employer' will rarely be resolved on a motion to dismiss.").

Finally, Care One incorrectly asserts that this Court should evaluate the allegations in the Complaint in light of a non-exhaustive list of common-law factors, the same test traditionally used to distinguish an employee from an independent contractor, as laid out in the EEOC Compliance Manual. See Lopez, 588 F.3d at 85 (citing 2 Equal Emp't Opportunity Comm'n, EEOC Compliance Manual, § 2-III(A) (2008)).[7] Indeed, the EEOC Compliance Manual identifies the common-law factors as relevant to determining whether an individual is an employee within the meaning of Title VII and the ADA, but separately identifies "Integrated Enterprises," "Joint Employers," and "Agents" as "Covered Entities" susceptible to liability. 2 Equal Emp't Opportunity Comm'n, EEOC Compliance Manual, § 2-III(B) (2008). Denying Care One's motion and proceeding to discovery is supported by the reasoning in Lopez.

   B. *Under Torres-Negron, multiple employers may be liable for discriminating against an employee as a single employer or a joint employer.*

The First Circuit recognizes joint liability under (1) the "single employer" or "integrated

---

[6] Care One also cites Camacho v. P.R. Ports Auth., 369 F.3d 570 (1st Cir. 2004), decided on summary judgment, for the proposition that administering a benefits plan is never sufficient on its own to establish an employment relationship for federal nondiscrimination laws. In actuality, the opinion states the opposite: "When an entity establishes and contributes to a fund for another's benefit, courts often mention that activity as a hallmark of an employment relationship." Id. at 577 (emphasis in original) (citing Barnhart v. N.Y. Life Ins. Co., 141 F.3d 1310, 1313 (9th Cir. 1998)).

[7] Notably, one of the common-law factors identified by Care One is central to the plaintiff's complaint: Care One "provides the worker with benefits such as insurance . . . ." Lopez, 588 F.3d at 85.

enterprise" theory of employer liability and (2) the "joint employer" theory of liability.

First, two entities are a single employer if their operations are sufficiently integrated. The finder of fact must apply a flexible four-factor test, for which no single factor is necessary or determinative, "placing special emphasis on the control of employment decisions." Torres-Negrón, 488 F.3d at 42. The four factors are: "(1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership." Id. (citing Romano v. U-Haul Int'l, 233 F.3d 655, 662 (1st Cir. 2000)). If two companies are found to be a single employer at summary judgment or at trial, "one [entity] automatically becomes the agent of the other [entity] for purposes of Title VII liability." Torres-Negrón, 488 F.3d at 42-43. "[W]hether [an entity] possessed sufficient indicia of control to be an 'employer' is essentially a factual issue." Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964). See Torres-Negrón, 488 F.3d at 43 ("the evidentiary record le[ft] a triable issue of fact as to whether [two entities] are one single employer for purposes of Title VII liability").

Second, two defendants may be "joint employers" if "the business entities involved are in fact separate but . . . they share or co-determine th[e] conditions of employment." Torres-Negrón, at 40 n.6 (emphasis in original) (quoting Rivas v. Federación de Asociaciones Pecuaria de P.R. (Rivas), 929 F.2d 814, 820 n.17 (1st Cir. 1991)). The relevant factors are: "(1) hiring and firing; (2) discipline; (3) pay, insurance and records; (4) supervision; and (5) participation in the collective bargaining process." Rivas, 929 F.2d at 821 (citing Clinton's Ditch Co-op Co. v. NLRB, 778 F.2d 132, 138-139 (2d Cir. 1985)).

The record is not sufficiently developed to properly apply either of these multi-factor tests. However, what is known is that Care One's control over the employer-sponsored health benefits plan strongly suggests interrelation between the operations of Care Mass. and Care One

9

and shared control over labor management, and plainly reflects a shared role in employee compensation.[8] These facts are sufficient to allow discovery to proceed under both the single integrated employer and joint employer theories.[9]

## III. THE COURT SHOULD DENY THE MOTION TO DISMISS BECAUSE THE PLAINTIFF SUFFICIENTLY ALLEGED THAT BOTH DEFENDANTS ARE RECIPIENTS OF FEDERAL FINANCIAL ASSISTANCE.

   *A. The Court should deny Care One's Motion to Dismiss under Rule 12(b)(1) because whether Care One receives Federal financial assistance is merely an element of a claim under the RA and the ACA, which does not go to this Court's jurisdiction to hear the plaintiff's claims.*

The Federal financial assistance requirement is not labeled as jurisdictional in the RA or the ACA and therefore does not raise the question of this Court's subject matter jurisdiction. Care One's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction has been foreclosed by the Supreme Court's decision in Arbaugh v. Y & H Corp. (Arbaugh), 546 U.S. 500 (2006). In Arbaugh, the Court considered whether Title VII's numerosity threshold of fifteen employees, 42 U.S.C. s. 2000e(b), is "jurisdictional" or merely "an element of a plaintiff's claim for relief." Arbaugh, 546 U.S. at 516. The Court established a "bright line rule" that Congress must be explicit in limiting jurisdiction within the text of federal statutes. Id. ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the

---

[8] See generally Burnett v. Ocean Props., 422 F. Supp. 3d 400, 412-415 (D. Me. 2019) (jury could find single or joint employer status based on the following facts: plaintiff "understood his employer to be Ocean Properties"; "he signed a probationary hiring form stating his employer was 'Ocean Properties'"; "he was given an Ocean Properties employee handbook"; "A hiring advertisement published by Ocean Properties, Ltd., stated 'join our team . . .'" with an "@oceanprop.com" email address).

[9] Similarly, under Massachusetts employment discrimination law, multiple employers may have joint and several liability where they exercise joint control over an employee. See, e.g., Commodore v. Genesis Health Ventures, Inc., 63 Mass. App. Ct. 57, 61-63 (2005).

restriction as nonjurisdictional in character."").[10] See also Runnion v. Girl Scouts of Greater Chi. and Northwest Ind., 786 F.3d 510, 517 (7th Cir. 2015) ("All parties now agree (correctly) that whether the [defendants] receive federal financial assistance has no effect on subject-matter jurisdiction . . . .").

Because neither the RA nor the ACA explicitly label Federal financial assistance as a jurisdictional element of a claim, the Court must deny Care One's Motion to Dismiss under Rule 12(b)(1).[11]

  B. *The Complaint properly alleges Care One is an <u>intended</u> recipient of Federal financial assistance subject to the RA and the ACA.*

Care One's motion to dismiss for failure to state a claim should be denied because the facts in the Complaint, along with reasonable inferences drawn therefrom, are sufficient to raise a claim at this stage that Care One is an <u>intended</u> recipient of Federal financial assistance. See U.S. Dep't of Transp. v. Paralyzed Veterans of Am. (PVA), 477 U.S. 597, 607 (1986) ("coverage extends to Congress' intended recipient").

The Complaint specifically alleges that Care One receives federal funding. Compl. ¶¶ 11,

---

[10] Dicta appearing in earlier First Circuit decisions cannot survive the subsequent reasoning in Arbaugh. See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) ("The FLSA places the [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the ADV limitation is jurisdictional. . . . We therefore treat it as an element of the claim." [citation omitted]). Contra, e.g., Steir v. Girl Scouts of the USA, 383 F.3d 7, 13 (2004) ("An indispensable jurisdictional element of a Rehabilitation Act claim is a showing that a defendant accused of discrimination is a recipient of federal financial assistance."); Rivera-Flores v. P.R. Tel. Co., 64 F.3d 742, 748 (1st Cir. 1995).

[11] Care One attached its Affidavit of Justine Cottrell, ECF No. 19, in support of its motion to dismiss for lack of subject matter jurisdiction. The information contained in the affidavit is irrelevant to the question of whether Federal financial assistance is a jurisdictional element of the RA or the ACA, and therefore the Court need not consider the affidavit in denying Care One's Rule 12(b)(1) motion. See Coyne v. Cronin, 386 F.3d 280, 286 (1st Cir. 2004).

75, 82, ECF No. 1.[12] Even if Care One is not the direct recipient of Federal funds, it is reasonable to infer that Care One receives Federal financial assistance through Care Mass., acting as an intermediary. See Nat'l Collegiate Athletics Ass'n v. Smith, 525 U.S. 459, 468 n.3 (1999) ("Entities that receive federal assistance, whether directly or through an intermediary, are [statutory recipients]; entities that only benefit economically from federal assistance are not."). See also U.S. v. Hersom, 588 F.3d 60, 65 (1st Cir. 2009) ("'Federal financial assistance' generally refers to entities receiving federal funds—directly or indirectly—so long as they are the intended recipients of the federal legislation providing the assistance.").

The financial interrelationship between Care Mass. and Care One can readily be understood from the fact that Care One is identified as the employer on the health benefit plan document provided to Care Mass. employees.[13] Compl. ¶ 14, ECF No. 1. It is reasonable to infer from the interrelationship between the entities that funds flow between Care Mass. and Care One, including Federal financial assistance.[14] See Grove City Coll. v. Bell, 465 U.S. 555 (1984) (education grants, initially distributed directly to students, ultimately flow to the educational institution).

Here, the defendants are properly alleged to work together in the business of providing hospice care. Compl., ¶¶ 1, 5, 9, 75, 82. It is reasonable to infer that Federal financial assistance

---

[12] In ruling on Care One's Motion to Dismiss under Rule 12(b)(6), the Court may not consider any factual dispute raised by the Affidavit of Justine Cottrell, ECF No. 19.

[13] The financial interrelationship between Care Mass. and Care One is "peculiarly within the possession and control of the defendant[s]," which is a stronger basis to reject dismissal at this preliminary stage given that all inferences must be drawn in favor of the plaintiff, tending in favor of permitting discovery on this issue. See Doe v. Brown Univ., 166 F. Supp. 3d 177 (D.R.I. 2018) (quoting Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)).

[14] See Answer, ¶¶ 75, 82, ECF No. 16 (admitting that Care Mass. is a recipient of Federal financial assistance).

12

for hospice care services, such as Medicare funding, is intended by Congress to compensate hospice care providers and their employees. See, e.g., 42 U.S.C. § 1395f(i)(1)(A) ("the amount paid to a hospice program . . . shall be an amount equal to the costs which are reasonable and related to the cost of providing hospice care . . . ."). As an integral component of compensation for hospice care providers, fringe benefits are part of the cost of providing hospice care.

Care One established and controls the self-funded benefit plans for Care Mass. hospice care providers. See Compl. ¶ 12, ECF No. 1.[15] The self-funded benefits plans are a component of the cost of providing hospice care services as compensation for employees. It is reasonable to infer that funding, paid by the Federal government directly to Care Mass., flows indirectly to Care One for the purpose of compensating providers of hospice care services. The Complaint alleges sufficient facts to infer that Care One is a recipient of Federal financial assistance intended to compensate providers of hospice care services.

## CONCLUSION

For the foregoing reasons, the plaintiff Alexander Pangborn respectfully requests that the Court deny Care One Management, LLC's Motion to Dismiss Plaintiff's Claims Against It Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Alternatively, if this Court were inclined to allow the motion in part or in total, the plaintiff respectfully requests leave to amend the Complaint.

## REQUEST FOR ORAL ARGUMENT

The plaintiff Alexander Pangborn respectfully requests that the Court schedule oral argument on Care One Management, LLC's Motion to Dismiss Plaintiff's Claims Against It

---

[15] See note 3, supra. Care One "provides [Care Mass.] employees the opportunity to receive health benefits through [its] self-funded benefits plans . . . ." Aff. of Sharon M. Zeigler, ¶¶ 9, ECF No.12-2.

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

        Respectfully submitted,

        Alexander Pangborn

        By his attorneys,

        /s/ Chris Erchull
        Chris Erchull, BBO 690555
        cerchull@glad.org
        Bennett H. Klein, BBO 550702
        bklein@glad.org
        GLBTQ Legal Advocates & Defenders
        18 Tremont Street, Suite 950
        Boston, Massachusetts 02108
        (617) 426-1350

Dated: August 14, 2020

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on August 14, 2020, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

Cheryl B. Pinarchick, BBO 636208
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, MA 02109
617-722-0044
cpinarchick@fisherphillips.com

Monica P. Snyder, BBO 550807
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, MA 02109
617-722-0044
mpsnyder@fisherphillips.com

/s/ Chris Erchull_____
Chris Erchull, BBO 690555
cerchull@glad.org
Bennett H. Klein, BBO 550702
bklein@glad.org
GLBTQ Legal Advocates & Defenders
18 Tremont Street, Suite 950
Boston, Massachusetts 02108
(617) 426-1350