UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXANDER PANGBORN,<br>     Plaintiff | : |  |
| | : | |
| v. | : | |
| | : | |
| CARE ALTERNATIVES OF | : | Civil Action No. 3:20-cv-30005-MGM |
| MASSACHUSETTS, LLC D/B/A | : | |
| ASCEND HOSPICE; and CARE ONE | : | **Leave to file granted on Aug. 20, 2020** |
| MANAGEMENT, LLC, | : | |
|     Defendants | : | |
| | : | |

**DEFENDANT CARE ONE MANAGEMENT, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST IT**

**I.     THE RECEIPT OF FEDERAL FUNDING IS JURISDICTIONAL.**

The First Circuit Court of Appeals has expressly held that "[a]n *indispensable jurisdictional element* of a Rehabilitation Act claim is a showing that a defendant accused of discrimination is a recipient of federal financial assistance." Steir v. Girl Scouts of the USA, 383 F. 3d 7, 13 (1st Cir. 2004); see also Rivera-Flores v. P.R. Tel. Co., 64 F.3d 742, 748 (1st Cir. 1995). Contrary to Plaintiff's assertion, the Supreme Court's decision in Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) does not change that rule of law. In Arbaugh, "[t]he question [] presented [was] whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." 546 U.S. at 503. The Supreme Court held in that case, "Title VII's numerical threshold does not circumscribe federal-court subject-matter jurisdiction." Id. at 500. The Supreme Court did not address whether federal financial assistance is jurisdictional for purposes

FP 38510160.1
FP 38516522.1

of the Rehabilitation Act or the Affordable Care Act and did not therefore overrule Steir or Rivera-

Flores.

Thus, Plaintiff's expansive reading of Arbaugh should be rejected.

Even if the court concludes that Arbaugh has some relevance here, the court should

nonetheless find the receipt of federal financial assistance jurisdictional. Plaintiff seeks relief

under the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794 ("RA"), which states, in relevant

part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under ***any program or activity receiving Federal financial assistance*** or under any program or activity conducted by any Executive agency or by the United States Postal Service. ***The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.*** …

(emphasis added) 29 U.S.C. § 794(a). Plaintiff also seeks relief under 42 U.S.C. § 18116

which provides, in relevant part:

> Except as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 794 of title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, ***any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance***, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments). ***The enforcement mechanisms provided for and available under such title VI, title IX, section 794, or such Age Discrimination Act shall apply for purposes of violations of this subsection.***

(emphasis added) 42 U.S.C. § 18116(a) ("ACA"). In the text of the statute describing the unlawful

act itself, "Congress limited the scope of §504 [and the ACA] to those who actually 'receive'

federal financial assistance because it sought to impose §504 coverage as a form of contractual

FP 38510160.1
FP 38516522.1

cost of the recipient's agreement to accept the federal funds."[1] <u>U.S. Dep't of Transp. v. Paralyzed Veterans of Am. (PVA)</u>, 477 U.S. 597, 607 (1986).  Immediately thereafter, in the same section of each statute, Congress addressed the enforcement mechanisms for the adjudication of claims for violations of each statute.  42 U.S.C. § 18116(a); 29 U.S.C. § 794(a).

In <u>Arbaugh</u>, the Court reasoned that the employee numerosity requirement is not jurisdictional because the requirement "appears in a section headed 'Definitions,' § 2000e, which also prescribes the meaning, for Title VII purposes, of 12 other terms used in the Act" and is completely separate from Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3).  <u>Arbaugh</u>, 546 U.S. at 515.[2]  Here, the federal financial assistance requirement is set forth in the section of the statute defining the unlawful conduct itself, not some other definitional section, and there is no separate jurisdictional provision applicable to these sections of the RA and ACA.  <u>Compare</u> 42 U.S.C. § 2000e-5(f)(3) to 42 U.S.C. § 18116 and 29 U.S.C. § 794. Thus, even under the reasoning of <u>Arbaugh</u>, the receipt of federal financial assistance is jurisdictional.

## II.    CARE ONE  DOES NOT RECEIVE FEDERAL FUNDING.

Plaintiff alleges *no facts* in his Complaint to establish that Care One is a direct or indirect recipient of federal financial assistance; it isn't, and Plaintiff's (incorrect) speculation that it does is insufficient to establish jurisdiction.  Cottrell Aff. at ¶¶ 3, 4; Supplemental Affidavit of Justine

---

[1] "Congress apparently determined that it would require contractors and grantees to bear the costs of providing employment for the handicapped as a *quid pro quo* for the receipt of federal funds." <u>Consolidated Rail Corp. v. Darrone</u>, 465 U.S. 624, 633, n. 13 (1984).

[2] <u>See</u> 42 U.S.C. §§ 2000e-2(a)(1) (making it "an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin") and 2000e(b) (definitions, including numerosity requirement under the definition of "employer").

FP 38510160.1
FP 38516522.1

Cottrell at ¶ 2; <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction therefore federal jurisdiction is never presumed); <u>Aversa v. U.S.</u>, 99 F. 3d 1200, 12-9 (1st Cir. 1996) (the burden of establishing that jurisdiction exists in on the party asserting federal jurisdiction).  In his opposition to the motion to dismiss, Plaintiff surmises that federal funding received by Ascend for providing hospice care services to Ascend's Medicare patients flows indirectly to Care One, which then uses that money to pay for health care insurance for hospice care providers employed and paid by Ascend.  Opposition, p. 13.  Not only does Plaintiff fail to offer any factual support here, his rank speculation is simply false.  Supp. Aff. of J. Cottrell at ¶ 2.  Accordingly, the Court must dismiss Plaintiff's claims against Care One Management under the RA and ACA.[3]

### III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER TITLE VII, THE ADA AND CHAPTER 151B.

Plaintiff, in his opposition, cites no case for his proposition that his allegation that Ascend provided an unidentified benefits plan document to its Massachusetts employees generally (not Plaintiff specifically) listing Care One as the "employer" is sufficient to state a claim for discrimination under Title VII, the ADA or Chapter 151B.  Opposition, p. 5.  Care One submits it is not.  As the First Circuit Court of Appeals made clear in <u>Lopez</u> "[a]n employee's status under Title VII [and the ADA and Chapter 151B] must be determined by the 'actual circumstances of the person's relationship' with defendant and not just the label.").  <u>Lopez v. Massachusetts</u>, 588 F. 3d 69, 86 (1st Cir. 2009).

---

[3] <u>See</u> <u>PVA</u>, 477 U.S. at 610 (rejecting the Court of Appeals' reasoning that an entity becomes part of a federally assisted program or activity not because it had received federal funding, but because it is "inextricably intertwined" with an institution that has).

FP 38510160.1
FP 38516522.1

Plaintiff then asserts even if that single allegation is insufficient to state a claim, his allegation, made solely upon information and belief, that Care One "established and controlled" the Plan is sufficient to state a claim under one of a number of potential theories of liability identified in Carparts Distribution Center v. Auto Wholesaler's Ass'n of New England, 37 F. 3d 12, 16-18 (1st Cir. 1994). However, such optimistic predictions (like Plaintiff's incorrect speculation that Care One is a recipient of federal funding) need not be accepted as true by the Court for purposes of determining whether Plaintiff has met his pleading obligations. Fantini v. Salem State College, 557 F. 3d 22, 26 (1st Cir. 2009) (the court need not accept as true "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions" for purposes of determining whether plaintiff has met his pleading obligations).

Moreover, the Complaint fails to assert any facts from which a reasonable inference can be drawn that Ascend and Care One should be deemed a "single employer" or "joint employer" for purposes of liability. Nowhere in the Complaint does Plaintiff allege that Ascend and Care One are under common management or ownership, have integrated operations or have centralized control over labor relations. See Opposition, pp. 8-9 (describing the factors to be considering in determining whether separate entities may be considered a single employer or joint employer). Nor does the Complaint allege that they share control over hiring and firing, discipline, pay and records, supervision or participation in a collective bargaining process. Id. Thus, Plaintiff's Complaint fails to state a claim against Care One under a single or joint employer theory.

For the reasons set forth herein and in Care One Management, LLC's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Claims Against It, Care One Management, LLC respectfully requests that the court dismiss Plaintiff's claims against it.

FP 38510160.1
FP 38516522.1

Respectfully Submitted,

Dated: August 26, 2020

\_\_/s/Cheryl B. Pinarchick_____
Cheryl B. Pinarchick (BBO# 636208)
Monica P. Snyder (BBO# BBO# 681573)
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, MA 02109
617-722-0044
cpinarchick@fisherphillips.com
mpsnyder@fisherphillips.com

## **CERTIFICATE OF SERVICE**

I, Cheryl B. Pinarchick, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) on August 26, 2020.

\_\_/s/Cheryl B. Pinarchick_____
Cheryl B. Pinarchick

FP 38510160.1
FP 38516522.1